For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction.

**Jin Liang XU, Petitioner,**

v.

**Alberto GONZALES,[1] Respondent.**

No. 04–0005.

United States Court of Appeals, Second Circuit.

Oct. 3, 2005.

Karen Jaffe, New York, NY, for Petitioner.

Hilliard Hester, Assistant United States Attorney (James K. Vines, United States Attorney for the Middle District of Tennessee, on the brief), Nashville, TN, for Respondent.

Present: STRAUB, SOTOMAYOR, Circuit Judges, and DANIELS, District Judge.*

---

1. The Clerk of the Court is directed to substitute Alberto Gonzales for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

* The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner Jin Liang Xu ("Xu") petitions for review of the BIA's September 26, 2003, affirmance of a May 20, 2002, order of an Immigration Judge ("IJ") denying Xu's application for relief from removal and the BIA's December 9, 2003, order denying reconsideration of its earlier decision. We assume the parties' familiarity with the facts and procedural history of the case.

To the extent that Xu challenges the IJ's underlying order denying his application for relief, this Court lacks jurisdiction because Xu failed to file a timely petition for review of the BIA's September 26, 2003, order. Xu's removal proceedings commenced in July 2000. His claim is thus governed by 8 U.S.C. § 1252(b)(1), which provides that a petition for review must be filed no later than 30 days following entry of the final order of removal. Filing a motion for reconsideration does not toll the period for filing a petition for review. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (citing *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)).

Xu has filed a timely petition for review of the BIA's denial of his motion to reconsider, which this Court reviews for abuse of discretion. *Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 107 (2d Cir.2005); 8 C.F.R. § 1003.2(a) (decision on a motion to reopen or reconsider is committed to BIA's discretion). Xu has presented no factual or legal basis in his petition for this Court to conclude that the BIA abused its discretion in refusing to reconsider its decision. Xu's motion sought to explain inconsistencies in the record and challenged the admission of testimony at his hearing after the government had rested. Upon our review of the record, the BIA did not abuse its discretion in determining that Xu identified no errors in the BIA's previous decision.

For the foregoing reasons, Xu's petition for review is DENIED.